## Christian Reusch v. John Demass.

*Replevin bond: Transfer of the cause: Sureties.* The sureties on a replevin bond are not discharged by the transfer of the replevin suit from the Wayne circuit to the superior court of Detroit by virtue of the statute.

*Submitted on briefs April 14. Decided April 20.*

Error to Superior Court of Detroit.

*Charles C. Hickey,* for plaintiff in error.

*Albert J. Chapman,* for defendant in error.

CAMPBELL, J:

The only question in this case is, whether a replevin bond ceases to become binding on the sureties where the cause in which it is given is transferred from the Wayne circuit to the superior court of Detroit.

The condition of the bond is, that the plaintiff shall prosecute the cause to effect, and if the defendant recover judgment against him, that he will return the property, if return be adjudged, and pay such sums as defendant may recover against him.

REUSCH *v.* DEMASS.

As this bond was given after the law came in force which authorized such suits to be transferred, it must be construed to apply to the proceedings in whatever court they may be. A suit in the circuit might become a suit in the superior court at the option of the defendant, and the transfer was as fairly contemplated as any other step in the cause, as a trial by the court or by jury, or a judgment by default, or a continuance by consent.

Every one must be subject to the incidents of the litigation where he assumes the risks of the litigation, wherever they may be. The suit is the same suit in both courts, and the removal is not an extraordinary step, but one which the defendant was expressly empowered to take if he saw fit.

We can see no ground on which it can fairly be assumed the risk was to cease before final judgment. The plaintiff is not allowed to select his own forum without giving the defendant a voice in the matter, and his sureties, who enable him to get possession of the defendant's property, are not authorized to separate their responsibility from his. The suit is not prosecuted to effect until it is terminated wherever the law places it, and there can be no judgment or recovery except where the suit is found pending.—See *Comyn's Digest,* "*Replevin*" *D; Gwillim v. Holbrook, 1 Bos. & P.,* *410.*

We think the court erred in holding the sureties discharged. The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.